BEAN, by guardian *ad litem*, Respondent, vs. PERCIVAL COP-
PER MINING COMPANY, Appellant.

*September 27 — October 15, 1901.*

*Contracts: Pleading: Variance.*

In an action to recover for personal services alleged to have been per-
formed for defendant, at its special instance and request, at an
agreed price per day, plaintiff offered in evidence a contract by
which third persons agreed to do certain work for defendant and
the latter agreed to pay all laborers employed by them.    *Held,*
that it was error to admit such evidence without amendment of
the complaint and giving defendant an opportunity to say whether
it was prepared to go on with the trial under the changed condi-
tions.

APPEAL from a judgment of the circuit court for Doug-
las county: A. J. VINJE, Circuit Judge.    *Reversed.*

The plaintiff brought this action to recover for personal
services, alleging that between September 1, 1899, and Jan-
uary 1, 1900, he performed work, labor, and services for the
defendant, at its special instance and request, for a period
of eighty-one and one-half days, at the agreed wages of $2
per day.    The defendant answered, alleging that the services
mentioned were performed for Frank E. Bean, A. L. Mc-
Donald, Fred W. Bean, and Harry M. Bean, and that long
prior to the commencement of this suit said parties had

paid him in full. The proof fails to show that plaintiff had
any contract with defendant, or that he performed any
work for them. To support his cause of action, the plaint-
iff introduced in evidence a written contract between the
defendant and the parties above named, in which the latter
agreed to sink a shaft on premises described, of certain des-
ignated dimensions and depth, to be paid for at the rate of
$18 per foot. In this contract was the following clause:
" The first party to pay on the 15th of each month all labor-
ers employed by the second parties for work done the pre-
vious month." The defendant objected to the admission of
the contract on the ground that it was not admissible under
the pleadings, etc. The court overruled the objection.
Other items of testimony tending to establish an entirely
different cause of action than that sued upon were admitted
over defendant's objection. At the close of the testimony
the defendant moved to strike out all of the testimony so
objected to, and for a direction of a verdict for defendant on
the ground of a failure of proof to establish the plaintiff's
cause of action. Both motions were denied, the court re-
marking that, if there was a variance of proof, the complaint
would be deemed to be amended to correspond to the proof.
Defendant duly excepted. The court instructed the jury
that, if plaintiff was working for the parties named in the
answer, and relied upon the promise made by defendant in
the contract, the jury should find for the plaintiff for the
number of days he worked after the contract went into
effect. Defendant took due exception. The jury found for
plaintiff. A motion for a new trial was overruled, and
judgment entered for plaintiff, from which defendant has
appealed.

For the appellant there was a brief by *Arnold & Arnold*,
and oral argument by *N. B. Arnold*.

For the respondent the cause was submitted on the brief
of *W. P. Crawford*.

Bean vs. Percival Copper Mining Co.

BARDEEN, J.   The plaintiff sued on a cause of action for work, labor, and services performed for the defendant at an agreed price per day.   He was allowed to prove an entirely different cause of action, against defendant's constant objection.   The contract offered in evidence was clearly inadmissible.   It was distinctly error to admit it under the pleadings as they then stood.   No doubt the court might have allowed an amendment of the complaint when the evidence was offered, and proceeded with the trial, if the defendant made no showing of surprise.   No application for amendment was made, and, of course, no opportunity was given defendant to say whether it was prepared to continue the trial and to meet and combat the changed conditions.   Indeed, not until the court charged the jury was the defendant really advised as to the position the court would take with reference to the defendant's liability under the proof.   It was not a mere question of variance of proof. It was the substitution of a new and different cause of action, based upon a state of facts entirely different from those stated in the complaint.   There was absolutely no proof to support the allegations of the complaint.   When the defendant was given to understand the real attitude of the court, it was too late to urge surprise, or to do anything except protest as it did.   The rules of law governing such matters are plain and well settled, and we cannot sanction such an unwarranted departure therefrom.

*By the Court.*— The judgment is reversed, and the cause is remanded for a new trial.